**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STEEL WORKERS, AFL-CIO, CLC,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNATIONAL-MATEX TANK TERMINALS,<br><br>*Defendant*. | Civil Action No. 22-2491<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

In this case, Plaintiff seeks to enforce the purported terms of a labor arbitration award involving one of its members. Currently pending before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 4. Plaintiff filed a brief in opposition, D.E. 7, to which Defendant replied, D.E. 12.[1] The Court reviewed the submissions made in support and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the foregoing reasons, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff and Defendant are parties to a collective bargaining agreement (the "CBA") that

---

[1] The Court refers to Defendant's brief in support of its motion (D.E. 4-1) as "Def. Br."; Plaintiff's memorandum in opposition (D.E. 7) as "Plf. Opp."; and Defendant's reply brief (D.E. 12) as "Def. Reply".

governs the terms and conditions of certain of Defendant's full-time and part-time employees.[2] Compl. ¶ 1. Article VIII of the CBA sets forth a grievance and arbitration procedure for disputes between a covered employee and Defendant. The CBA requires that an arbitrator issue an award in writing and states that the award is final and binding. *Id.* ¶ 6.

Plaintiff filed a grievance on behalf of bargaining unit member James Calton under Article VIII after Defendant terminated Calton without cause. On March 16, 2021, Arbitrator Janet M. Spencer held a hearing on the grievance and the parties submitted post-hearing briefs. On May 24, 2021, Arbitrator Spencer issued an award (the "Award") in which she found that Defendant did not have just cause to terminate Calton. *Id.* ¶¶ 9-10. The Award further provided as follows:

> The Company [Defendant] shall reinstate Mr. Calton to his previous position forthwith, and shall promptly make him whole for back pay (minus interim earning and/or unemployment benefits), seniority and benefits lost as a result of his termination.
>
> This arbitrator will retain jurisdiction for 60 days for the sole purpose of assisting in the implementation of this Award, if requested.

Compl., Ex. B at 8.

Plaintiff alleges that prior to his discharge, Calton "routinely worked more than forty hours" a week and was paid overtime for these hours. *Id.* ¶ 13. But Plaintiff alleges that in implementing the Award, Defendant refused to include Calton's "average overtime earnings from the backpay calculation." *Id.* ¶ 14. Thus, Plaintiff alleges that Calton has not been made whole as ordered by the Award. *Id.*

On April 28, 2022, Plaintiff filed the Complaint pursuant to Section 301 of the Labor

---

[2] The facts are derived from Plaintiff's Complaint ("Compl."). D.E. 1. When reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the Court accepts all well-pleaded facts in the complaint as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Management Relations Act of 1947, 29 U.S.C. § 185 (the "LMRA"). *Id.* ¶ 1. Plaintiff seeks to enforce the Award or in the alternative, remand the matter to the Arbitrator to calculate back pay. *See Id.*, Prayer for Relief. Defendant subsequently filed the instant motion to dismiss. D.E. 4.

## II. LEGAL STANDARD

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences flowing therefrom. *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

Plaintiff seeks to enforce the Award pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Compl. ¶ 1. "Judicial review of a labor-arbitration pursuant to a collective bargaining agreement is very limited." *Nat'l Ass'n of Letter Carriers, AFL CIO v. U.S. Postal Serv.*, 272 F.3d 182, 185 (3d Cir. 2001). If the arbitration award "draws its essence from the collective bargaining

agreement, a court should uphold it" and "may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one." *Pa. Nurses Ass'n, Local 729 v. John F. Kennedy Med. Ctr.*, 247 F. Supp. 2d 665, 671 (E.D. Pa. 2003); *see also Verizon Pa., LLC v. Commc'ns Workers of Am., Local 13000*, 13 F.4th 300, 303 (2021) ("The deference given to arbitration awards is almost unparalleled, but not absolute.").

However, pursuant to the *functus officio* doctrine, once an arbitrator decides an issue, she generally cannot revise the decision without the parties' consent. *Verizon Pa., LLC*, 13 F.4th at 303. There are three exceptions to the *functus officio* doctrine. As relevant here, "where the award, although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify."[3] *Id.* at 307 (quoting *Office & Pro. Emps. Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 331 (3d Cir. 1999)). Consequently, if a damages award in an arbitration decision is ambiguous, the district court must remand the matter to the arbitrator for clarification. *Id.* at 309; *see also Health Pros. & Allied Emps., Local 5091 v. Bergen Reg'l Med. Ctr.*, No. 08-1031, 2010 WL 147938, at *4-5 (D.N.J. Jan. 8, 2010) (remanding matter to arbitrator to determine how mitigation impacted the back pay award).

As set forth in the Award, Arbitrator Spencer ordered Defendant to reinstate Calton and make him whole for back pay lost due to his termination. Compl. ¶ 11. Defendant maintains that by reinstating Calton and giving him back pay at 40 hours a week, it complied with the Award. Defendant continues that overtime pay is more than "make whole relief" and would result in a windfall to Calton. Def. Br. at 5. Plaintiff counters that average overtime is properly included in

---

[3] An arbitrator can also correct a mistake that is apparent on the face of the award and decide an issue that was submitted to but not decided by the arbitrator. *Verizon Pa., LLC*, 13 F.4th at 307 (quoting *Brownsville Gen. Hosp.*, 186 F.3d at 331).

an arbitrator's relief to make whole. Plf. Opp. at 4.

Make whole equitable relief is intended to restore an employee to the same place he would have been in had the wrongful action not occurred. *See Crozer-Chester Med. Ctr. v. NLRB*, 976 F.3d 276, 295 (3d Cir. 2020) (explaining the function of a remedy in unfair labor case); *see also Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 442 (3d Cir. 2009) (explaining that the remedial purpose of make whole relief within the employment discrimination context is to "restore the employee to the economic status quo that would exist but for the employer's conduct" (quoting *In re Cont'l Airlines*, 125 F.3d 120, 135 (3d Cir. 1997)). Make whole relief is not limited to traditional wages or salary and overtime can be a component of make whole relief. *See Serv. Emps. Int'l Union, Local 79 v. Beverly Enters.*, No. L87-37-CA5, 1988 WL 185869, at *2 (W.D. Mich. Sept. 21, 1988) ("If historically a pattern and practice of regular overtime existed then it, too, must be considered as the pay [the employee] would have earned had she remained employed."); *see also Lou's Transport, Inc. v. NLRB*, 945 F.3d 1012, 1023-24 (6th Cir. 2019) (explaining that overtime calculation for back pay award must be flexible "depending on the circumstances of each case"); *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 717-18 (3d Cir. 2001) (concluding that unreported tips could be included in back pay calculation).

Here, Plaintiff pleads that Calton "routinely worked more than forty hours in a week" and received overtime pay for these hours. Compl. ¶ 13. Moreover, in the Award, the Arbitrator referenced the fact that Calton previously worked overtime and that Defendant's covered employees understood they were expected to work overtime at times. Compl., Ex. B at 1, 3. Thus, Plaintiff plausibly pleads that there is an ambiguity as to whether Calton is entitled to overtime as part of his make whole relief. Moreover, through the *functus officio* doctrine, Plaintiff plausibly establishes that this issue could be remanded to Arbitrator Spencer for clarification.

5

Next, Defendant argues that Plaintiff waived its right to raise the overtime dispute because it did not timely raise the issue with the arbitrator. Def. Br. at 6-7. In her Award, Arbitrator Spencer stated that she would retain jurisdiction to assist in the implementation of the Award for sixty days. Compl., Ex. A at 8. Plaintiff does not dispute that it initiated this action long after the sixty-day period expired. But Plaintiff counters that it did not waive any rights. Plf. Opp. at 6-9.

Defendant relies on *Teamsters Local Union No. 760 v. United Parcel Service, Inc.*, 921 F.2d 218 (9th Cir. 1990) in support of its waiver argument. Def. Br. at 6-7. But in *Teamsters*, the waiver arose due to a private agreement between the parties. The parties in *Teamsters* also disagreed about whether the defendant should have included overtime in the back pay calculation and whether the union waived its objections to the back pay computation. The parties, however, agreed to submit these issues to the arbitrator and that the arbitrator's decision on both issues would be final and binding. *Teamsters*, 921 F.2d at 219. The arbitrator determined that the union waived its right to have the arbitrator clarify its initial award. *Id.* The plaintiff then filed suit in district court pursuant to Section 301 of the LMRA. But because the parties agreed to the second final and binding arbitration, the court determined that "[t]he union had no right to relitigate the arbitrator's decision in federal court." *Id.* at 220. The Circuit affirmed the district court's decision. *Id.* Accordingly, *Teamsters* is inapposite. Plaintiff has a statutory right to assert its claim here, 29 U.S.C. § 185(a), and Defendant provides insufficient legal authority to support its waiver argument.

Finally, Defendant contends that because Plaintiff is really attempting to modify the Award, its request is untimely under N.J. Stat. Ann. § 2A:24-7. Def. Br. at 7. N.J. Stat. Ann. § 2A:24-7 permits a party to bring a summary action in New Jersey state court to confirm, vacate, modify, or correct an arbitration award that arises from a collective bargaining agreement. N.J.

6

Stat. Ann. § 2A:24-7. Plaintiff is not attempting to bring a summary action under New Jersey state law, nor is it attempting to confirm or modify the award. Therefore, the limitations period of N.J. Stat. Ann. § 2A:24-7 is inapplicable.

### IV.     CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 30th day of November, 2022,

**ORDERED** that Defendant's motion to dismiss, D.E. 4, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.